Central Pasto Viejo, Inc., Plaintiff and Appellant, *v.* Arturo Aponte, Jr., and Rosalía R. Fuertes de Aponte, Defendants and Appellants.

No. 3404. Argued January 22, 1925.—Decided April 2, 1025.

1. Costs—Lease—Payment of Rent — Discretion of Court. — When a lessee refuses for no reason to pay the stipulated amount of rent and forces the lessor to sue for payment it is an abuse of discretion on the part of the court not to impose the costs on the defendant.

District Court of Humacao, Pablo Berga, J. Judgment for the plaintiff without costs in an action of debt. *Modified and affirmed.*

González Fagundo & González, Jr., and Henry G. Molina for the plaintiff. Arturo Aponte, Jr., and Fernando Gallardo for the defendants.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The only question for decision in this case is whether the trial court abused its discretion in not mulcting the defendants in costs.

The complaint was filed on April 6, 1922. It was alleged therein that the plaintiff leased a certain property to the defendants at an annual rent of $500 and that the defendants failed to pay the instalment that became due on July 1, 1921, notwithstanding the demand made upon them.

On being summoned the defendants demurred on the ground that the court was without jurisdiction. The demurrer was overruled and they answered denying "that the defendants had not paid to the plaintiff the instalment of $500 sued for" and alleging as new matter that the wife of the defendant had been improperly made a party to the action and that "defendant Arturo Aponte has paid to the plaintiff the $500 claimed, the question as to the said payment having been decided in an action between the same parties in the Municipal Court of Humacao and later on appeal in this same court by a judgment rendered on August 31, 1922, between the same parties and on the same lease contract, which judgment is final."

On March 14, 1924, the case was called for trial. The defendant was called as a witness for the plaintiff and testified that the receipt being shown to him was taken to him by an employee of the plaintiff and that he wrote a letter in reply. The receipt is for the rent instalment due on June 30, 1921. The letter, dated November 5, 1921, in so far as pertinent, reads as follows:

"Your employee * * * delivers to me * * * a receipt * * *. Please apply to the payment of this amount an equal sum to be deducted from the proceeds of the sale of my sugar of the present grinding season which is in your possession."

The witness admitted that he had a financing account

with the plaintiff which gave rise to an action prosecuted and decided under No. 7868 in the district court, and also that in July of 1921 he was rendered a statement of the said account wherein he was credited with the sum of $3,206.89 as the proceeds of his sugar, without debiting the $500 sued for herein.

The testimony of the defendant concludes as follows:

"In my letter I made reference to the sugar of the grinding season of 1921. I do not know whether or not it was shipped—I mean the sugar existing at the Central Pasto Viejo in 1921. Of that season I had 325 bags remaining. That was the time when I wrote that letter asking them to deduct the $500 from the proceeds of my sugar. If the deduction to which I refer had been made, the credit entry in my other account involved in suit No. 7868 would have been $500 less. With the exception of this letter of November 5th I made no payment of the $500. The $500 referred to in the letter of November 5th represents the lease instalment sued for in this action.

"It is true that this court rendered judgment in case No. 7868 on December 2, 1922, adjudging that the plaintiff recover, in connection with the account to which I have been referring the sum of $6,956.26. I think that in allowing the plaintiff the said $6,956.26 as the balance of that account the court did not deduct the $500 of the lease instalment. That is to say, that the judgment in that case, based upon that account which, as I have said, was attached to the complaint filed on September 20, 1921, was never considered as deducting the $500 from the proceeds of the sugar in conformity with the request contained in my letter of November 5th. I think I can admit this to be a fact."

The plaintiff admitted that it received the defendant's letter and refrained from answering it on the advice of counsel.

In its opinion the trial court expressed itself in part as follows:

"On September 7, 1921, the plaintiff sent to the defendant a statement of his account showing a balance of $3,149.17 in his favor from the proceeds of his sugar, and he then did not reply that $500 thereof should be applied to the payment of the lease instalment

due on July 1, 1921, on which day the obligation had arisen; and although when demand was made upon him on November 5, 1921, to pay the said sum, he wrote the letter asking that such sum be so applied, that letter has no effect against the present claim because at that time the proceeds of the sugar had already been credited to the financing account, a fact of which the defendant had knowledge, and the action to recover the balance of the account current in which such credit entry appeared had already been brought.''

[1] These being the facts, it inevitably follows that the defendant, probably because of the hard feeling existing on account of the other suit, knowingly refused to pay the lease instalment due and stubbornly defended the suit though conscious that he was not in the right, for which reason he should have been adjudged to pay the costs; therefore, the trial court abused its discretion in not so holding.

That part of the judgment from which the appeal was taken must be reversed and the defendant adjudged to pay the costs.